UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSIDRO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 19-00401 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 2) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an employee at the Correctional Training Facility ("CTF") in Soledad. Plaintiff has filed a motion for appointment of counsel. (Docket No. 2.) Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff claims that Defendant Chavez "went beyond his work duties and just to impress a nurse, he lifted me, bent me in half and hurt my already hurt back." (Compl. at 3.) Plaintiff claims he had a severe injury and needed various treatments. (*Id.*) Plaintiff claims deliberate indifference, malicious conduct, and negligence. (*Id.*) Plaintiff wants Defendant Chavez to be fired or disciplined for his conduct, and damages for "pain and suffering, mental stress, [and] depression." (*Id.*)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

2

It is not clear from the pleadings whether Defendant Chavez applied some sort of medical procedure on Plaintiff that resulted in harm or applied unnecessary force. If it was a medical procedure and assuming Plaintiff had a sufficiently serious medical need to establish the first element, he has alleged no specific facts to satisfy the second element, *i.e.*, that Defendant Chavez acted knowing that Plaintiff faced a substantial risk of serious harm and disregarded that risk. *Id.* Plaintiff specifically alleges that Defendant Chavez acted "just to impress a nurse," which indicates negligence; indeed, Plaintiff specifically alleges negligence later on the paragraph. *See supra* at 2. However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Accordingly, any negligence claim must be dismissed for failure to state a claim. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to establish a deliberate indifference claim against Defendant Chavez.

On the other hand, if Plaintiff is alleging unnecessary force, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Plaintiff must explain the context of Defendant Chavez's use of force and set forth sufficient factual allegations showing that it was objectively, sufficiently serious and that Defendant Chavez possessed a sufficiently culpable state of mind, i.e., the offending conduct was wanton. *See Farmer*, 511 U.S. at

3

834; *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).

In amending, Plaintiff must also provide sufficient information to put Defendant on notice as to when and where the underlying incident took place. Lastly, Plaintiff fails to provide a first name initial for Defendant Chavez. He must provide sufficient identification information for this defendant to avoid service problems should the matter proceed on the merits.

Plaintiff also names the CDCR as a defendant but makes no factual allegations against this entity. (Compl. at 2.) Plaintiff may attempt to state a § 1983 claim against the CDCR in the amended complaint by describing what act or failure to act by the CDCR resulted in the violation of a specific constitutional right.

### C. Motion for Appointment of Counsel

Plaintiff has filed a motion requesting appointment of counsel based on indigency. (Docket No. 2.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

///

4

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. (Docket No. 2.)

2. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00401 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 2.

**IT IS SO ORDERED**

Dated: May 13, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\00401Hernandez_dwlta